IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT JOSEPH SOBOTTA,   CV. 07-1204-ST

      Plaintiff,   ORDER TO DISMISS

  v.

STATE OF OREGON, MALHEUR COUNTY
CIRCUIT COURT, UMATILLA COUNT
CIRCUIT COURT, MAX WILLIAMS,
MARK NOOTH, OREGON DEPARTMENT
OF CORRECTIONS,

      Defendants.

HAGGERTY, District Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, has been granted leave to proceed *in forma pauperis* in this civil action. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

    Plaintiff alleges that defendants violated his rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1996, as well as various treaties

1 - ORDER TO DISMISS

between the United States and the Eastern Band of Cherokee Indians. Plaintiff's cause of action appears to stem from injuries he suffered when a transportation van in which he was a passenger became involved in an accident during its run from the Two Rivers Correctional Institution to the Eastern Oregon Correctional Institution. Plaintiff alleges that defendants failed to provide him with adequate medical care in the accident's aftermath. He seeks enforcement of the various treaties he mentions, as well as compensatory and punitive damages.

## **STANDARDS**

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

> (B) the action . . .
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274

2 - ORDER TO DISMISS

(9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

As an initial matter, plaintiff's allegations pertaining to the State of Oregon, its Circuit Courts, and the Oregon Department of Corrections fail to state a claim because "[i]t is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 (9th Cir. 2003).

In addition, plaintiff's claim regarding the allegedly inadequate medical treatment within the Oregon Department of Corrections following the vehicular accident, while purportedly based on a number of statutes, treaties, and amendments is actually an Eighth Amendment medical claim arising out of 42 U.S.C. § 1983. A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In order to state a claim regarding the denial of adequate medical care, plaintiff must allege that defendants were deliberately indifferent to plaintiff's "serious" medical needs. *Lopez*, 203 F.3d at 1131; *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate

4 - ORDER TO DISMISS

health and safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Doty*, 37 F.3d at 546.

In this case, plaintiff makes no allegation that any prison officials were deliberately indifferent to a serious medical need. He further fails to describe how any individual personally participated in the deprivation of any such medical care. "Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). The only individuals plaintiff names in this lawsuit are the Director of the Oregon Department of Corrections and the Superintendent of the Snake River Correctional Institution. A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045. Plaintiff makes no such allegation. Accordingly, the Complaint is dismissed for failure to state a claim.

## CONCLUSION

5 - ORDER TO DISMISS

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (docket #2) is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an Amended Complaint, plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

IT IS SO ORDERED.

DATED this  10th  day of October, 2007.

                           /s/Ancer L. Haggerty
                                 Ancer L. Haggerty
                                 United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).