IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SCOTT JOSEPH SOBOTTA,

        Plaintiff,        07-CV-1204-ST

  v.                         FINDINGS AND RECOMMENDATION

STATE OF OREGON, et al.,

        Defendants.

STEWART, Magistrate Judge:

    On December 26, 2007, plaintiff filed an Amended Complaint in this prisoner civil rights action in which he alleges that he was denied adequate medical care by prison officials following a vehicular accident involving an Oregon Department of Corrections ("ODOC") transportation vehicle.

    On March 11, 2010, defendants filed an Unenumerated 12B Motion to Dismiss for Failure to Exhaust (docket #40). That Motion to Dismiss prompted the court to issue plaintiff a Rule 12 notice as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir.

1 - FINDINGS AND RECOMMENDATION

2003), *cert. denied, Alameida v. Wyatt,* 540 U.S. 810 (2003). Although the court allowed plaintiff six extensions of time totaling approximately 15 months to file a response to the Motion to Dismiss, he did not do so. Defendant's Motion to Dismiss should be granted for the following reasons.

## STANDARDS

The Prison Litigation Reform Act ("PLRA") of 1995 provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner does not satisfy the PLRA's exhaustion requirement by merely demonstrating that administrative remedies are no longer available. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Instead, he must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id.* The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

When deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the court concludes that the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. *Id* at 1120.

2 - FINDINGS AND RECOMMENDATION

## **FINDINGS**

The Oregon Department of Corrections ("ODOC") has established an administrative review procedure which encourages inmates to attempt to resolve disputes with staff through face-to-face verbal communication. OAR 291-109-0015(1)(c). If the inmate is unable to resolve his issue through verbal communication, then he may file a formal grievance pursuant to OAR 291-109-0030. If the inmate is not satisfied with the response he receives, he may then appeal by filing a grievance appeal pursuant to OAR 291-109-0050. The appeal is forwarded to the functional unit manager for a response. *Id.* If the inmate is dissatisfied with the functional unit manager's response, then he may file a grievance appeal form with the assistant director. *Id.* The assistant director's decision is final and not subject to further review. *Id.*

In support of their contention that plaintiff failed to exhaust his claim, defendants rely on the affidavit of Teresa Hicks, the Grievance Coordinator at the Snake River Correctional Institution where plaintiff has been incarcerated since January 2, 2002. Hicks attests that she has "made a thorough search of ODOC grievance records and find[s] that petitioner has never filed any grievances. Affidavit of Teresa Hicks, pp. 2, 4. Hicks' Affidavit is not rebutted.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524).

Because exhaustion is mandatory and because plaintiff did not attempt to avail himself of the formal grievance process offered by ODOC, the court cannot excuse plaintiff's failure to exhaust his available administrative remedies. Accordingly, defendants' Motion to Dismiss should be granted and plaintiff's Amended Complaint should be dismissed without prejudice.

## **RECOMMENDATION**

Based on the foregoing, defendant's Unenumerated 12B Motion to Dismiss for Failure to Exhaust (docket #40) should be GRANTED and a judgment should be entered dismissing the Amended Complaint (docket #12) without prejudice.

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 9, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd day of August, 2010.

s/   Janice M. Stewart
    Janice M. Stewart
    United States Magistrate Judge