UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SCOTT JOSEPH SOBOTTA,

        Plaintiff,                              Civil No. 07-1204-ST

      v.                                       ORDER

STATE OF OREGON, et al.,

        Defendant.

HAGGERTY, District Judge:

        Magistrate Judge Stewart has issued a Findings and Recommendation [85] in this action. The Magistrate Judge recommended granting defendants' Unenumerated 12B Motion to Dismiss [40] and dismissing plaintiff's Amended Complaint [12] without prejudice.

        No objections were timely filed. However, plaintiff filed a Motion for an Extension of Time [87]. Although the time for filing objections has expired, the Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957

1- ORDER

(9th Cir. 1998). Consistent with these standards, this court liberally construes plaintiff's motion as an attempt to seek leave to comply with the conclusions of the Findings and Recommendation. Moreover, the court has construed plaintiff's filing as a request for *de novo* review of the Findings and Recommendation.

## STANDARDS

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## BACKGROUND

Plaintiff is in the custody of the Oregon Department of Corrections (Department). Plaintiff asserts claims against prison officials for the allegedly inadequate medical care he received after a vehicular accident involving a Department vehicle. Plaintiff's claims assert violations of his civil rights under 42 U.S.C. § 1983, the Americans with Disabilities Act, and several other federal laws and treaties. Defendants moved to dismiss for failure to exhaust administrative remedies. Although the court allowed plaintiff fifteen months to respond to the motion, he failed to do so.

## DISCUSSION

Under the Prison Litigation Reform Act, a prisoner seeking a 42 U.S.C. § 1983 action in the federal court must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a). To properly exhaust remedies, the prisoner must give the agency an initial opportunity to adjudicate his or her claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The prisoner must also comply with

2- ORDER

the agency's procedures and deadlines for adjudication. *Id.* at 90-91. In this case, plaintiff must comply with the Department's adjudicatory process before he seeks review in the federal court.

The Department has established an administrative review process that initially encourages informal communication between the prisoner and the staff. Or. Admin. R. 291-109-0140(1). If the issue remains unresolved, the prisoner must submit a written grievance using the Department's approved form that details the incident, date, time, and any necessary documentation. *Id.*

After submitting the grievance form to the functional unit grievance coordinator, the coordinator will log the complaint, coordinate with the appropriate parties, and send a response to the prisoner. Or. Admin. R. 291-109-0160. If the prisoner is dissatisfied with the response, the prisoner may appeal by submitting a grievance appeal form to the grievance coordinator. Or. Admin. R. 291-109-0170. The functional unit manager will respond to the appeal within thirty calendar days. *Id.* If the prisoner is dissatisfied with the manager's response, an appeal may be made to the Assistant Director. *Id.* The Assistant Director's decision is final and not subject to further review. *Id.*

The Findings and Recommendation found that plaintiff did not exhaust his administrative remedies with respect to his claims and recommended granting defendants' Unenumerated 12B Motion to Dismiss. The Findings and Recommendation based its decision on the affidavit of Teresa Hicks, the grievance coordinator, who attested that plaintiff had filed no grievances with her office. Findings and Recommendation at 3.

This court has reviewed the entire record and has conducted a *de novo* review of the Findings and Recommendation. The Findings and Recommendation is well reasoned and without error. This court adopts it in its entirety.

This court also partially grants plaintiff's Motion for Extension of Time [87]. That motion

3- ORDER

is liberally construed as seeking leave to file a grievance with the Department within sixty days of the date of this order. Such leave is granted. Plaintiff is encouraged to follow the guidance set forth in this order and the Findings and Recommendation for pursuing his administrative remedies.

**CONCLUSION**

The Findings and Recommendation [85] is adopted. Defendants' Unenumerated 12B Motion to Dismiss [40] is granted, and the plaintiff's Amended Complaint [20] is dismissed without prejudice.

Plaintiff's Motion for Extension of Time [87] is granted in part. Plaintiff is granted leave to file his grievance as set forth in the Findings and Recommendation within sixty days of this order.

IT IS SO ORDERED.

Dated this   20   day of September, 2010.

                                                /s/ Ancer L. Haggerty
                                                  Ancer L. Haggerty
                                      United States District Judge

4- ORDER